1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DHILLON EXPRESS INC.,                      No.  2:24-cv-00458 CKD

12              Plaintiff,

13        v.                                    ORDER

14   SCOTT LOGISTICS CORP, et al.,

15              Defendants.

16

17        This matter is before court on defendants' motions to dismiss the complaint for lack of

18   jurisdiction.  (ECF Nos. 6 & 7.)  On April 3, 2024, defendants' motions were taken under

19   submission on the papers.  (ECF No. 16.)  The parties have consented to Magistrate Judge

20   jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  (ECF

21   No. 14.)  For the reasons discussed below, the court will grant defendants' motions to dismiss but

22   grant plaintiff one opportunity to amend in order to plead subject matter jurisdiction.

23        I.    Background

24        Plaintiff ("Dhillon") is a California corporation with its principal place of business in

25   Sacramento, engaged in business as a freight carrier.  (ECF No. 1 ("Cmplt."), ¶¶ 6, 10.)  Defendant

26   Scott Logistics Corp. ("Scott") is a Georgia business located in Rome, Georgia, and defendant

27   Giles ("Giles") is its employee, who at all relevant times acted within the scope of her

28   employment.  (Id., ¶¶ 7, 8.)

                                                1

1    The complaint alleges as follows:

2    On the morning of January 3, 2023, Dhillon contacted a non-defendant employee

3    ("Stansbury") at Scott about a load requiring transport from San Leandro to City of Industry,

4    California.  The job was posted on a board where freight brokers and carriers can reach

5    agreements carrying loads.  Stansbury accepted Dhillon's quote for the job and said she would

6    send the load information over.  Shortly before 10 a.m. that day, Rajpreet Dhillon signed a rate

7    confirmation for the load.  (Id., ¶13.)

8    At about 11 a.m., Dhillon's driver arrived at the location of the shipper in San Leandro.

9    (Cmplt. ¶ 14.)  At about 12:30, however, Stansbury communicated that she had not received a

10    response to her emails and had cancelled the job and hired another trucking company for the load.

11    (Id., ¶¶ 15-16.)  While Dhillon maintained they had an agreement and its driver had shown up on

12    time, Stansbury imposed a financial penalty on Dhillon for the incident.  (Id., ¶¶ 17-19.)  The next

13    day, January 4, 2023, Dhillon's driver delivered the load to City of Industry on time and as

14    agreed.  (Id., ¶ 20.)  In early February, Stansbury and Rajpreet Dhillon exchanged more emails

15    about the delivery, rate, and penalty.  (Id., ¶¶ 21-23.)

16    On February 7, 2023, defendant Giles posted a public report on Carrier411.com "falsely

17    stating that [Scott's] load was held hostage for one month and delivered after one month, that a

18    $125 miscellaneous fee was mandated, and that [Dhillon] was deducted for service failure."

19    (Cmplt., ¶¶ 24-25; see Exh. A.)  Soon after this report was posted, "brokers began to deny

20    working with [Dhillon] on a daily basis," resulting in a "daily loss of approximately $2000-5000"

21    and various additional expenses.  (Id., ¶ 27.)  Scott did not respond to requests to remove the false

22    review.  (Id., ¶¶ 29-31.)

23    Plaintiff brings claims of defamation and violations of Cal. Bus. And Professions Code §

24    17200 (unfair competition and unfair business practices) against both defendants.

25    On March 12, 2024, defendants Scott and Giles filed separate motions to dismiss pursuant

26    to Rule 12(b), asserting that plaintiff has not properly alleged subject matter jurisdiction or

27    personal jurisdiction.  (ECF Nos. 6 & 7.)

28    ////

1      II.      Motion to Dismiss Pursuant to Rule 12(b)(1)

2           A.  Legal Standard

3      "Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction

4  over civil actions."  Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program,

5  443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing Kokkonen v. Guardian Life Ins. Co., 511

6  U.S. 375, 377 (1994).  Subject matter jurisdiction is required; it cannot be forfeited or waived.  Id.

7  at 1156.  Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

8  court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).Rule 12(b)(1) of the Federal Rules of

9  Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the

10  subject matter of the complaint."  Nat'l Photo Grp., LLC v. Allvoices, Inc., No. 3:13-cv-03627-

11  JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014).

12      A federal district court generally has original jurisdiction over a civil action when: (1) a

13  federal question is presented in an action "arising under the Constitution, laws, or treaties of the

14  United States" or (2) there is complete diversity of citizenship and the amount in controversy

15  exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  As to diversity jurisdiction, the diversity

16  statute is strictly construed, and any doubts are resolved against finding jurisdiction.  Kantor v.

17  Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

18           B.  Analysis

19      Defendants assert that plaintiff failed to properly plead either federal question or diversity

20  jurisdiction, warranting dismissal of this action.

21      The complaint alleges that the federal court has jurisdiction over this matter "pursuant to Fed.

22  R. Civ. P. 8(a)(1)," but that provision merely states that a pleading must contain "a short and plain

23  statement of the grounds for the court's jurisdiction."  (Cmplt., ¶ 3.)  On the civil cover sheet to

24  the complaint, plaintiff has checked "federal question" as the basis for jurisdiction, but plaintiff's

25  claims for defamation and unfair business practices under California law do not implicate a

26  federal question.  (See ECF No. 1-1.)

27      In opposition to dismissal, plaintiff asserts diversity jurisdiction, claiming that "the plain facts

28  alleged in the complaint make this clear."  (ECF No. 11 at 6-7.)  However, "[t]he essential

1    elements of diversity jurisdiction, including the diverse residence of all parties, must be

2    affirmatively alleged in the pleadings." <u>Bautista v. Pan American World Airlines, Inc.</u>, 828 F.2d

3    546, 552 (9th Cir. 1987); <u>see</u> Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:2031.

4         Here, plaintiff alleges as follows:

5              Plaintiff Dhillon Express Inc. is a corporation organized and existing
              under the laws of the State of California with its principal place of
6              business [in] Sacramento.

7              Defendant Scott Logistics Corp. is a business corporation formed
              under the laws of Georgia and located [in] Rome, Georgia[.]

8
              Defendant Jaclyn Giles is an individual residing in Rome, Georgia.
9

10   (Cmplt., ¶¶ 6-8.)

11        Plaintiff does not allege that Scott Logistics is a citizen of the State of Georgia.  As to

12   Giles, the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.

13   "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

14   affirmatively allege the actual citizenship of the relevant parties." <u>Kanter v. Warner-Lambert Co.</u>,

15   265 F.3d 853, 857 (9th Cir. 2001), citing <u>Whitmire v. Victus Ltd. t/a Master Design Furniture</u>,

16   212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties'

17   citizenships such that the existence of complete diversity can be confirmed.").  <u>See</u> Rutter Group

18   Prac. Guide Fed. Civ. Pro. Before Trial §2:2032 ("Allegations that a party 'resides' in a state

19   (without alleging that the party is a citizen thereof)" is insufficient); <u>see, e.g.</u>, <u>McDonough v.</u>

20   <u>Bidwill</u>, 2024 WL 2795296, *4 (D. Ariz. May 31, 2024) (finding pleading that defendants were

21   "residents" of diverse states insufficient for diversity jurisdiction).

22        As to the amount in controversy, plaintiff seeks $1 million in damages based on

23   allegations that it lost up to $5000 a day for several months due to the allegedly defamatory post.

24   (Cmplt., ¶ 27, 11.)  When a plaintiff originally files in federal court, a general conclusory

25   allegation that the damages exceed the minimum jurisdictional limit is usually sufficient to satisfy

26   the amount in controversy requirement for diversity jurisdiction.  <u>See</u> <u>K. Durant Enter., LLC v.</u>

27   <u>Swanson Travel Prof'ls., Inc.</u>, 2014 WL 545843, *2 (C.D. Cal. 2014)  Here, however, plaintiff

28

                                              4

1  did not properly allege that "the amount in controversy exceeds $75,000, exclusive of interest and

2  costs." See Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial §§ 2:2031, 2:2036 (pleading

3  requirements for damages in diversity action).

4      Because the complaint's allegations of diversity jurisdiction are deficient, plaintiff has not

5  met its burden to invoke subject matter jurisdiction, and defendants' motions will be granted on

6  this ground.   However, the court will grant leave to amend so that plaintiff can attempt to allege

7  facts sufficient for diversity jurisdiction.  See Blue Ridge Ins. Co. v. Stanewich, 143 F.3d 1145,

8  1148 (9th Cir. 1998) ("Defective allegations of jurisdiction may be amended . . . in the trial or

9  appellate courts."), citing 28 U.S.C. § 1653.

10     III.    Motion to Dismiss Pursuant to Rule 12(b)(2)

11        A.  Legal Standard

12     Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to

13  dismiss an action for lack of personal jurisdiction.  The plaintiff bears the burden of establishing

14  that the federal court has jurisdiction.  CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066,

15  1073 (9th Cir. 2011).

16     The court first looks to state law to determine whether a court possesses personal jurisdiction

17  over a defendant.  Daimler AG v. Bauman, 571 U.S. 117, 125 (2014).  California's long-arm

18  statute allows the exercise of personal jurisdiction "on any basis not inconsistent with the

19  Constitution [of California] or of the United States."  Cal. Code Civ. Proc. § 410.10.  To comport

20  with due process, plaintiff must show that defendants have "certain minimum contacts" with

21  California such that the maintenance of this lawsuit "does not offend traditional notions of fair

22  play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

23  Two types of jurisdiction satisfy this minimum contacts test: (1) general jurisdiction, and (2)

24  specific jurisdiction.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919

25  (2011).  A court has general jurisdiction over foreign (sister-state or foreign-country) defendants

26  to hear all claims against them when their affiliations with the forum state are so "continuous and

27  systematic as to render them essentially at home in the forum State."  Id. at 923.

28     A court has specific jurisdiction over a foreign defendant with respect to specific claims that

5

"arise[ ] out of or relate[ ] to the defendant's contacts with the forum." <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984).  That is, the question of whether a forum state may assert specific jurisdiction over a non-resident defendant "focuses on the relationship among the defendant, the forum, and the litigation." <u>Keeton</u>, 465 U.S. at 775 (1984).

To decide whether it may exercise personal jurisdiction over a defendant, the court may rely on declarations and documentary evidence submitted by the parties, or hold an evidentiary hearing. <u>Data Disc., Inc. v. Sys. Tech. Assoc., Inc.</u>, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). When the motion is based on pleadings and affidavits instead of an evidentiary hearing, the plaintiff must make a prima facie showing that the court has personal jurisdiction. <u>Caruth v. Int'l Psychoanalytical Ass'n</u>, 59 F.3d 126, 128 (9th Cir. 1995); <u>Doe. v. Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001). The court assumes that uncontroverted allegations in the plaintiff's complaint are true, and conflicts between the parties' declarations are resolved in the plaintiff's favor. <u>Dole Food Co., Inc. v. Watts</u>, 303 F.3d 1104, 1108 (9th Cir. 2002).

B. <u>Analysis</u>

Plaintiff does not contend the court has general jurisdiction over defendants[1]; the issue is whether it has specific jurisdiction.

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction over a non-resident defendant exists:

> First, [t]he non-resident defendant must *purposefully direct* [his or her] activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must *arise out of or relate to* the defendant's forum-related activities. Finally, the exercise of jurisdiction must be *reasonable*.

<u>Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Cholom, S.A.</u>, 972 F.3d 1101, 1107 (9th Cir. 2020)  (italics added), citing <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004).  Plaintiff has the burden to establish the first two prongs. <u>Schwarzenegger</u>, 374 F.3d at 802.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not

---

[1] Defendants' arguments establish that they do not have enough contact with California for general jurisdiction.

1  established in the forum state.  Id.  If the plaintiff satisfies the first two prongs, the burden shifts

2  to the defendant to "present a compelling case" that the exercise of jurisdiction would not be

3  reasonable.  Id.

4       As to the first prong, a "purposeful availment" analysis is used in contract suits whereas a

5  "purposeful direction" analysis is used in tort suits.  Schwarzenegger, 274 F.3d at 802.  Here,

6  defendants acknowledge that the appropriate framework is purposeful direction because plaintiff

7  brings claims for defamation and unfair business practices.  Courts evaluate purposeful direction

8  under the three-part Calder effects test, which requires that the defendant have "(1) committed an

9  intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

10  is likely to be suffered in the forum state."  Schwarzenegger, 374 F.3d at 803 (discussing test

11  from Calder v. Jones, 465 U.S. 783 (1984)).  This test "focuses on the forum in which the

12  defendant's actions were felt, whether or not the actions themselves occurred within the forum."

13  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). "Failing to

14  sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal

15  jurisdiction."  Rupert v. Bond, 68 F.Supp.3d 1142, 1163 (N.D. Cal. 2014).

16       1.  Purposeful Direction (Calder test)

17       Plaintiff pleads that defendant Scott directed its activities to California by arranging with

18  plaintiff, a California company, to ship freight from a California shipper to a California receiver.

19  As to the alleged tortious conduct, defendants Scott and Giles posted allegedly defamatory

20  statements on the Carrier411 website, noting plaintiff's Sacramento location.  The post on

21  Carrier411.com constitutes an intentional act under Calder.

22       Second, the court concludes that this allegedly tortious act was "expressly aimed" at the

23  forum state.  Defendants argue that, because the Carrier411 website was "seen by motor carriers

24  nationally," their post to the site does not support personal jurisdiction.  (ECF No. 6 at 17.)

25  However, in Burri Law PA v. Skurla, 35 F.4th 1207, 1214-15 (9th Cir. 2022), the Ninth Circuit

26  held that, where a defendant's allegedly defamatory statements served to convince a third party to

27  terminate its Arizona employment contract with plaintiff, "circulated within Arizona, and had an

28  Arizona 'focus,' as they concerned . . . activities in Arizona," defendant's activities were aimed at

the forum state of Arizona.  Here, defendants' allegedly tortious post circulated within California (among other states) and focused on a business transaction in California. It concerned the transport of a load in California and, more broadly, the public reputation of a California company. These facts suffice to meet the second prong of <u>Calder</u>.

Finally, based on the facts alleged, the post caused harm that would foreseeably be suffered in the forum state.  It was foreseeable that, as a result of the posted statements, plaintiff would lose jobs transporting freight between California businesses and cities.  Where a defendant is alleged to have committed tort of defamation and "knew the injury and harm stemming from his communications would occur" in the forum state, "those contacts with the forum support personal jurisdiction."  <u>Brainerd v. Govs. of the Univ. Of Alberta</u>, 873 F.2d 1257, 1259 (9th Cir. 1989); <u>see also</u> <u>Cornelius v. DeLuca</u>, 702 F. Supp. 2d. 1003, 1012 (D. Idaho April 26, 2010) (defendant's activities were purposefully directed at the forum state where "it was foreseeable that [plaintiff's] sales in Idaho would drop as a result of the allegedly defamatory postings.").

In sum, Scott Logistics' intentional public statements about plaintiff were expressly aimed at California and caused harm likely be suffered in California, passing the "purposeful direction" test under <u>Calder</u>.

2.  <u>Arises from or relates to forum activities</u>

To satisfy the second prong of the Ninth Circuit's three-prong <u>Schwarzenegger</u> test, plaintiff's claim must arise out of or relate to the defendant's forum-related activities.  Here, plaintiff's claims arise out of or relate to defendant's dissatisfaction about a shipment between two California locations and its subsequent posting of allegedly defamatory statements about events that occurred in California, causing plaintiff to lose business in California.  This prong is also satisfied.

3.  <u>Reasonableness</u>

Once plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." <u>Schwarzenegger</u>, 374 F.3d at 802.  To evaluate reasonableness, we employ a balancing test that weighs seven factors:

(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp., 905 F.3d 597, 607 (9th Cir. 2018).

Factor (1) favors California as the forum state, for reasons discussed above. As to (2), the parties have consented to Magistrate Judge jurisdiction, and the undersigned conducts many hearings via Zoom videoconferencing, so it is not unduly burdensome for defendants to litigate this action in the forum state. Barring trial, there is likely no need to travel here, and even traveling for trial is not unreasonable per se. Defendants have not made a compelling case that the remaining factors favor litigating this matter in Georgia. As to (6), Dhillon is a resident of California, "giving California courts a strong interest in protecting [it] and its business from the conduct of nonresidents." Apex Maritime Co. (LAX) Inc. v. Crown Brands, LLC, 2023 WL 4034213, *5 (N.D. Cal. May 11, 2023) (collecting cases).

Based on the foregoing, the court's exercise of specific personal jurisdiction over defendants in this matter comports with due process.

IV.    Leave to Amend

For the reasons discussed above, the complaint is subject to dismissal under Rule 12(b)(1). However, plaintiff will be granted an opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

1  original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.

3  V.    Order

4  For the foregoing reasons, IT IS HEREBY ORDERED THAT:

5  1.  Defendant Scott Logistics' motion to dismiss (ECF No. 6) is GRANTED;

6  2.  Defendant Giles' motion to dismiss (ECF No. 7) is GRANTED;

7  3.  The complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction;

8  4.  No later than thirty (30) days from the date of this order, plaintiff shall file an amended

9       complaint as set forth above; and

10  5.  Failure to timely file an amended complaint may result in sanctions including dismissal of

11       this action.

12  Dated:  March 24, 2025

13  _____
     CAROLYN K. DELANEY
14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28