UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DHILLON EXPRESS, INC.,

   Plaintiff,

  v.

SCOTT LOGISTICS CORP, et al.,

   Defendants.

No.  2:24–cv–00458–CKD

ORDER

  Plaintiff, a company that carries freight, brings claims of defamation and unfair business practices against defendant Scott Logistics Corp. ("Scott") and its employee defendant Giles ("Giles") concerning an allegedly false report Giles posted on the Carrier 411.com website in February 2023. Before the Court is defendants' motion to amend their answer to the first amended complaint ("FAC"). (ECF No. 31.)  Plaintiff has filed an opposition (ECF No. 32), and defendants have filed a reply (ECF No. 33).  On April 9, 2026, the motion was submitted without argument. For the reasons discussed below, the Court will grant defendants' motion.

I.  BACKGROUND

  Plaintiff commenced this action by filing a complaint on February 7, 2024.  (ECF No. 1.)  All parties consented to magistrate judge jurisdiction.  (ECF No. 14.)  On March 24, 2025, the undersigned granted defendants' motion to dismiss, but granted leave to amend. (ECF No. 21.)  On April 20, 2025, plaintiff filed the FAC, and on May 13, 2025, defendants filed an answer.

(ECF Nos. 22 & 23.)  Non-expert discovery is due by July 17, 2026, and the dispositive motion deadline is November 13, 2026.  (ECF No. 30.)

In the FAC, plaintiff alleges as follows:

Plaintiff ("Dhillon") is a Sacramento corporation, and defendant Scott is a corporation based in Rome, Georgia, where defendant Giles resides. (FAC, ¶¶ 8-10.) On the morning of January 3, 2023, Dhillon reached out to Scott regarding a load to be transported from San Leandro to City of Industry, California. (Id., ¶ 12.) A rate confirmation was signed that morning, and Dhillon's driver arrived at the shipper in San Leandro at about 11 a.m. (Id., ¶¶ 14-15.) At around 12:30 p.m., a Giles employee requested that Dhillon "offload the product that had just been loaded because they had hired another trucking company for the load." (Id., ¶ 17.) Dhillon does not know why Scott hired another truck when there was an agreement in place for Dhillon to pick up and deliver the load. (Id., ¶ 20.) Scott "decided to financially penalize [Dhillon] for an internal error where two trucking companies were hired for one load." (Id.)

On January 4, 2023, the load was delivered on time as agreed upon. (Id., ¶ 21.) On January 31, 2023, a Scott employee asked for an update on the load. (Id., ¶ 22.) On February 6, 2023, Dhillon sent the proof of delivery paperwork. (Id., ¶ 23.)

On February 7, 2023, defendant Giles posted a public FreightGuard report on Carrier411.com falsely stating that "their load was held hostage for one month and delivered after one month, that a $125 miscellaneous fee was mandated, and that the carrier [Dhillon] was deducted for service failure."  (Id., ¶¶ 25-26. ) "Defendants knew that the information they posted was false when they posted it because they had received both the delivery confirmation and the weight scale tickets . . . showing the delivery was . . . made the next day instead of almost a month later as falsely alleged in the review." (Id., ¶ 27.)

Soon after the FreightGuard report was available online, brokers began to deny working with Dhillon on a daily basis, incurring daily losses of $2,000 to $5,000. Dhillon had to work with low-rated brokers at the risk of not being paid and accepting lower than average rates. (Id., ¶ 28.) A few broker rejections via email "directly referenced the false FreightGuard report written and posted by [defendants] as the reason for the rejection." (Id., ¶ 29.) Dhillon attempted to reach out

2

to Scott via phone three times between March 2023 and November 2023, but defendants blocked Dhillon's phone number. (Id., ¶ 30.) On November 27, 2023, Dhillon mailed a cease-and-desist letter to Scott, requesting that they remove the false review, but Scott never responded to the letter. (Id., ¶ 31.) Dhillon is still being affected by defendants' FreightGuard report. (Id., ¶ 32.)

Plaintiff Dhillon brings two causes of action against defendants Scott and Giles: defamation and unfair business practices under Cal. Bus. & Prof. Code § 17200. (Id. at 8-9.)

In their answer to the FAC, defendants "admit that they posted an accurate FreightGuard report on Carrier 411," deny various other allegations, and assert twelve affirmative defenses. (ECF No. 23.) A pretrial scheduling order issued on June 18, 2025, stating that no further amendments to the pleadings were permitted except with leave of Court, good cause having been shown. (ECF No. 26 at 2.)

## II.    MOTION TO AMEND

Defendants seek to amend their answer to add a single affirmative defense: the common interest privilege set forth in Cal. Civ. Code § 47(c), typically asserted against claims of defamation. (ECF No. 31.) As a court in this district explained,

> By statute, California law provides that a "privileged publication" is one made "without malice to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c).
>
> The interest must pertain to a shared "contractual, business or similar relationship or [where] the defendant is protecting his own pecuniary interest." Mann v. Quality Old Time Serv., Inc., 120 Cal. App. 4th 90, 109 (2004), disapproved on other grounds by Baral v. Schnitt, 1 Cal. 5th 376 (2016). For the conditional privilege to apply, the communication must be made "in a reasonable manner and for a proper purpose, to persons having a common interest with him in the subject matter of the communication, when the publication is of a kind reasonably calculated to protect or further it." Brewer v. Second Baptist Church of Los Angeles, 32 Cal. 2d 791, 797 (1948) (citation omitted).
>
> "'[D]efendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice.'" Bowles v. Constellation Brands, Inc., 444 F.Supp. 1161, 1176 (E.D. Cal. Mar. 12, 2020).

3

Khan v. Walmart Inc., 2024 WL 5040440, *6 (E.D. Cal. Dec. 9, 2024).

Defendants argue in their motion that, to the extent the jury finds their postings to Carrier411.com were defamatory, the statements were privileged under Cal. Civ. Code §47(c). However, they "inadvertently neglected to plead the common interest privilege as an affirmative defense" in their May 2025 answer. (ECF No. 31 at 6.) Defendants discovered the omission in February 2026 and promptly raised the issue with plaintiff's counsel. Id.; see ECF No. 31-1, Caplan Decl., ¶ 29 ("In mid-February, counsel for Defendants realized that a Civil Code §47(c) defense had not been included in their answer, and further recognized that, under facts developed during the investigation, this defense was viable and potentially dispositive."). Plaintiff denied their request to amend the answer. (Id.) Defendants argue there is good cause under Fed. R. Civ. Proc. Rule 16 to amend the answer after the deadline, and leave to amend should be granted under Rule 15(a). They attach a proposed amended answer adding the common interest privilege as the thirteenth affirmative defense. (ECF No. 31-2.)

In opposition, plaintiff argues that defendants do not satisfy Rule 16's "good cause" standard to amend the answer after the amendment deadline, because they cannot show the requisite diligence. (ECF No. 32.) Plaintiff also argues that he would be prejudiced by amendment because non-expert discovery is largely complete, and amending to assert the common interest privilege "would necessitate additional discovery, . . . further delaying resolution of a case that has already been pending for two years." (Id. at 4.)

In reply, defendants argue that the factual issues implicated by the privilege are already central to the case, such that asserting this new defense would not increase plaintiff's discovery burden. (ECF No. 33 at 8.) Defendants also note that, even if leave to amend the answer is denied, they intend to assert the common interest defense on summary judgment. See Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time."). (Id. at 9-10.)

////

////

////

A. <u>Legal Standard</u>

Once a court issues a scheduling order, the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4) for amending a scheduling order initially controls a request to amend a complaint after the deadline. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992) (noting that a plaintiff's "ability to amend his complaint was governed by Rule 16(b), not Rule 15(a)"); <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

As for good cause, a court "primarily considers the diligence of the party seeking the amendment." <u>Johnson</u>, 975 F.2d at 609 (citations omitted). "[C]arelessness is not compatible with a finding of diligence" and "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." <u>Id.</u> (citations omitted).

"Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper." <u>Hood v. Hartford Life & Acc. Ins. Co.</u>, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). Under Rule 15(a)(2), a "court should freely give leave when justice so requires." "Leave to amend is generally within the discretion of the district court." <u>Swanson v. U.S. Forest Serv.</u>, 87 F.3d 339, 343 (9th Cir. 1996).

"In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." <u>Desertrain v. City of Los Angeles</u>, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); <u>see also Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).") (internal quotation marks and citation omitted).

////

B.  Discussion

The key issues are whether defendants were sufficiently diligent under Rule 16 and, if so, whether plaintiff would be prejudiced by amendment under Rule 15(a).

While defendants' initial failure to plead the common interest privilege arguably could be characterized as "carelessness," there is some evidence that defendants sought amendment after learning "facts developed during the investigation" that caused them to "recognize[] . . . that this defense was viable and potentially dispositive." (ECF No. 31-1, ¶ 29.) After this light bulb moment in mid-February 2026, defendants promptly reached out to plaintiff's counsel to request a stipulation to allow them to amend the answer, which was denied. However, shortly thereafter, the parties stipulated to continue the fact discovery deadline, such that both sides were aware of the potential new defense and could develop facts surrounding it. Defendants moved to amend the answer less than one month later. These facts are "distinguishable from Johnson, 975 F.2d at 610, where the court denied the plaintiff leave to amend because his attorneys 'filed pleadings and conducted discovery but failed to pay attention to the responses they received.'" Orozco v. Midland Credit Mgt. Inc., 2013 WL 3941318, *3 (E.D. Cal. July 30, 2013). Here, defendants showed reasonable diligence, sufficient to meet the Rule 16 standard.

Under Rule 15(a), there is no evidence that defendants are acting in bad faith or that the proposed affirmative defense is futile. The common interest privilege "only applies to a publication made without malice," G&C Auto Body Inc. v. Geico General Ins. Co., 552 F.Supp. 2d 1015, 1022-23 (N.D. Cal. Mar. 11, 2008), and whether defendants acted with malice in posting statements about plaintiff on Carrier411.com is, at this point, an open question of fact, as are other elements of the defense. Nor have defendants previously sought to amend their answer. While there was a lengthy delay in seeking to amend defendants' May 2025 pleading, defendants' recognition of an additional potential defense after discovery materials were exchanged does not equate to "undue" delay under the circumstances of this case.

Most importantly, as to prejudice, plaintiff has known about this potential affirmative defense since February 2026, fact discovery is still open, and plaintiff has not identified any burdensome discovery necessitated by this defense. Rather, as plaintiff notes, the privilege will "necessarily

6

require discovery into the circumstances of the communication, the scope of the common interest, and the presence or absence of malice—an issue already central to the defamation claim." (ECF No. 32 at 4.) Overall, evidence of prejudice is weak. Moreover, permitting amendment will facilitate the resolution of this case on the merits. For these reasons, the court will grant defendants' motion to file their proposed amended answer.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to amend answer (ECF No. 31) is GRANTED; and

2. Defendants are granted leave to file their proposed First Amended Answer to the First Amended Complaint.

Dated:  June 2, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/dhi0458.mtn to amend

7